O. R. GILBERT V. THE STATE.

No. 16705.   Delivered April 18, 1934.
Rehearing Denied May 16, 1934.

The opinion states the case.

*J. L. Bagwell, O. Ellis,* and *Joe V. Moore,* all of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of wilfully and without justification deserting, neglecting, and refusing to provide for the support of his wife, who was then in destitute and necessitous circumstances, and his punishment was assessed at confinement in the State penitentiary for a term of one and one-half years.

The testimony adduced upon the trial shows that the appellant and his wife, at the time of said trial, had been married a number of years. Three children were born unto them, the eldest was about seven years of age and the youngest about four months of age. The facts further show that for approximately two years, that is, up to the 27th day of July, 1933, the appellant was employed at the National Guard Stables in Potter County, Texas, at $75.00 per month, at which time his job was discontinued and since that time he has not been regularly employed. The prosecutrix testified that on or about the 3rd day of July, 1933, the appellant abandoned her and their children; that on the 4th day of September, 1933, when her baby was born, he came out where she and the children lived and

remained there several hours; that between the 24th day of June, 1933, and the day of the trial he gave her only seven dollars in cash; that he did not provide her with enough groceries to keep her and the children in food; that she applied to the Welfare Association, an agency of the city of Amarillo which helps persons in destitute circumstances by providing food; and that at the time when he, the appellant, came home he brought a little milk and bread to eat, but he brought nothing else.

The appellant strenuously denied that he had failed to provide for the support and maintenance of his wife and children, and that he, at all times, took groceries home and saw to it that she and the children had something to eat and to wear. He further testified that on the 25th day of November, 1933, he sold his car for $100.00 and gave her $30.00 of it, but that she wanted $50.00 of it and when he declined to comply with her demands she became angry, threw out his clothes, and told him to get out. He further testified that she always brought some of her family in for him to take care of; that when he left he left her some groceries, provided the children with clothes, boots and shirts; that he did not buy any clothes for his wife because she had plenty; that if she had made up the clothes which she had stored away in the dresser drawers it would have been enough to last her the rest of her life; that just a few days before the baby was born he gave her money to buy two houses dresses. Mr. Francis testified for the appellant that he was checker at the Harris Food Stores and that up to within six weeks of the trial the appellant purchased groceries nearly every day at said store. Mr. Lawrence testified that he was a clerk at J. H. Harris & Son grocery store; that the appellant purchased groceries at said store since the 25th day of June, 1933, and that he purchased some at least every other day but that he did not know where the appellant took those groceries. Tate Walker testified that during the month of October he ate two meals at the home of appellant; that there seemed to be plenty of groceries and food in the home, and that he remembered on one or two occasions when the appellant took groceries home. The prosecutrix denied that the appellant gave her $30.00 out of the proceeds of the sale of the car. She also denied that any groceries were brought to their home, and was supported in this by Christine Vance, D. H. Bough, and Mrs. Craig. Mr. Bough testified that he purchased groceries for the wife and children of the appellant. Mrs. Craig testified that she went to appellant's home practically every week but never

saw the appellant bring nor send out any groceries to his wife. On cross-examination, the appellant admitted that he had been associating with a woman by the name of Billie Taylor; that he had been in her company frequently; that he went to dances with her and visited her quite often, but he denied taking any groceries to her; however, he admitted that his wife disapproved of his association with said woman. We deem the foregoing statement of the substance of the material and essential facts sufficient upon which to dispose of this case.

There are no exceptions to any of the testimony and no exceptions to the court's charge. Hence, the only ground upon which this case can be considered is the sufficiency of the testimony to support the verdict of the jury. There is a sharp conflict between the testimony adduced by the State and that of the appellant. The court submitted the controverted facts to the jury, who, by law, are made the exclusive judges of the credibility of the witnesses and the weight to be given to the testimony, and they found against the appellant's contention and defensive theory.

The admission of the testimony which was subsequently withdrawn by the court of his own motion from the consideration of the jury was admitted without any objection on the part of the appellant. Hence, no error was committed.

Because no error has been pointed out, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In the light of appellant's urgent motion for rehearing, based on his claim that the evidence is not sufficient to support the judgment, we have again reviewed the facts, but are not led to believe same of such little cogency as that we would be justified in reversing for such reason. Appellant's wife fully made out a case of wilful desertion. Another witness for the State testified that after appellant left his wife, witness took appellant's wife and children to her house where they stayed two months, during which time she took care of them, and that she saw appellant and tried to induce him to contribute to the support of his wife, but he refused to do so. Other witnesses say they bought food for appellant's wife

and children. There may be reasons, aside from the facts appearing in the record, which would make this conviction and the punishment inflicted seem unusual, but that is a matter for the jury, and the facts are sufficient to justify them in concluding appellant guilty. The punishment inflicted is well within the limit affixed by the legislature. We are unable to agree with appellant, and the motion for rehearing will be overruled.

*Overruled.*